Fora Fin., Advance, LLC v 4 Pillar Consulting, LLC (2025 NY Slip Op 01422)

Fora Fin., Advance, LLC v 4 Pillar Consulting, LLC

2025 NY Slip Op 01422

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Index No. 650367/24|Appeal No. 3890|Case No. 2024-05355|

[*1]Fora Financial, Advance, LLC, et al., Plaintiffs-Respondents,
v
4 Pillar Consulting, LLC, Defendant-Appellant.

Goetz, Platzer LLP, New York (Morgan S. Luchs of counsel), for appellant.
O'Tolle Scrivo, LLC, New York (Cassandra Walsh of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 5, 2024, which, to the extent appealed from, denied defendant's motion to dismiss the cause of action for tortious interference with contract and declined to consider the question of whether the liquidated damages clause in the parties' agreement constituted an unenforceable penalty, unanimously modified, on the law, to dismiss the tortious interference cause of action, and otherwise affirmed, without costs.
Supreme Court correctly declined to consider whether the liquidated damages provision, called an "Interference Fee," in defendant's independent sales organization (ISO) agreement with plaintiffs constitutes an unenforceable penalty (see JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373 [2005]; see also Crown IT Servs., Inc. v Koval-Olsen, 11 AD3d 263 [1st Dept 2004]). The amount stipulated as liquidated damages is tied to the loan balance that would have been due to plaintiffs if defendant had not breached the terms of the parties' contract and "interfered" with plaintiffs' third-party loan agreements with merchants referred by defendant, as is alleged (see NGM Mgt. Group, LLC v Bareburger Group, LLC, 224 AD3d 600, 603-604 [1st Dept 2024]). In any event, liquidated damages provisions have routinely been held to be enforceable against sophisticated parties like defendant (see Elk 33 E. 33rd LLC v Sticky's Corporate LLC, 228 AD3d 455, 455-456 [1st Dept 2024]).
However, the complaint fails to sufficiently state a cause of action for tortious interference with contract (see Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 424 [1996]). Plaintiffs broadly speculate that defendant was "involved" in certain merchants defaulting on their respective loan agreements but fail to point to any specific conduct (see Kaplan v Conway & Conway, 173 AD3d 452, 453 [1st Dept 2019]). Moreover, plaintiffs' tortious interference claim is duplicative of their breach of contract claim because it is based entirely on allegations that defendant induced merchants to obtain financing from additional sources and failed to disclose adverse information about the merchants it referred, all of which constitute violations of the ISO agreement (see IKB Intl. S.A. v Wells Fargo Bank, N.A., 40 NY3d 277, 290 [2023]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025